# Dunlap v. Chipps.

Plaintiff's motion to strike off appeal because the affidavit taken for said appeal was not in the words of the act will not be entertained until defendant has had an opportunity to amend his affidavit.

The practice is in cases where the Justice is evidently responsible for the regularity in taking the appeal, and not the appellant to grant a rule, not "to strike off the appeal," but "to show cause why the appellant should not perfect his appeal, or in default thereof why the same should not be stricken from the records."

APPEAL—AFFIDAVIT ON APPEAL—MOTION TO STRIKE OFF
APPEAL.

No. 3, February Term, 1901, C. P. Washington Co.

Miller & Miller, Attys. for Motion.

Parker & McIlvaine, Attys., Contra.

Opinion by McILVAINE, J., July 25, 1902.

The affidavit taken before the Justice upon taking the appeal was in the following words: "That the appeal entered in this case is not for the purpose of delay, but that if the proceedings appealed from are not removed, appellant will be required to pay $25 more money than is justly due."

Motion was made to strike off the appeal entered in the C. P. because the affidavit was not in the language of the Act of July 14, 1897, P. L. 271.

## OPINION:

The affidavit for appeal filed by the defendant with the Justice of the Peace is not in "the words" of the Act of Assembly, but in the forum of conscience there could be no denial that the defendant had taken the oath prescribed by the Act. The trial before the Justice was without a jury, and the appeal is to the forum where the cause will be tried by a jury, and this court ought not to be astute in finding reasons to deprive the defendant of his right of trial by jury, but, on the contrary, ought to refuse the plaintiff's motion to strike off the appeal, at least until the defendant has had an opportunity to amend his affidavit, which evidently, was prepared not by himself, but by the Justice, who is therefore responsible for the mistake, if there was one made.

Dunlap v. Chipps.

The practice of this court, in cases where the Justice is evidently responsible for the regularity in taking the appeal, and not the appellant, is to grant a rule not "to strike off the appeal," but "to show cause why the appellant should not perfect his appeal, or, in default thereof, why the same should not be stricken from the records."

We are of opinion that the rule granted in this case should not be made absolute, for the reasons: 1. That the irregularity in the appellant's affidavit is not one of substance. 2. That the appeal should not be stricken off without giving the appellant an apportunity to perfect his appeal by having corrected a mistake evidently made by the Justice, who made the transcript of appeal.

Rule discharged.